IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PHAEDRA GATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO._____ |
| CAPITAL ONE BANK (USA) NA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, PHAEDRA GATHERS, by and through the undersigned counsel, and files this, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, his Complaint against Defendant CAPITAL ONE BANK (USA) NA.  In support thereof, Plaintiff respectfully shows this honorable Court as follows:

## JURISDICTIONAL STATEMENT

1.     This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and Defendant transacts business in this

district.

## **PARTIES**

3.      Plaintiff, PHAEDRA GATHERS ("Plaintiff"), is a natural person who at all relevant times resided in Columbus, Georgia (Muscogee County)

4.      Defendant, CAPITAL ONE BANK (USA) NA ("Defendant") is bank with a principal place of business located at 1600 Capital One Drive, McLean, Virginia 22102 and may be properly served with process at that address.

## **FACTUAL ALLEGATIONS**

5.      On or about March 31, 2018 Defendant placed a call to Plaintiff's cellular phone number 706-332-8009   from telephone number 800-365-2024. Plaintiff answered this call and  spoke with a representative of Defendant and during the ensuing communication, Plaintiff unequivocally stated to Defendant to stop calling her cell phone.

6.      On or about April 2, 2018 Defendant placed a call to Plaintiff's cellular phone number 706-332-8009   from telephone number 800-365-2024.   Plaintiff answered this call and  spoke with a representative of Defendant and during the ensuing communication, Plaintiff again unequivocally stated to Defendant to stop calling her cell phone.

7.       Despite Plaintiff's demand that Defendant cease and desist from

placing any and all further telephone calls to Plaintiff, thereafter Defendant placed over Two Hundred (200) additional calls to Plaintiff's cellular telephone.

8.    Defendant placed the above-described calls to a telephone number assigned to a cellular telephone service.

9.    Upon information and good-faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.

10.    Upon information and good-faith belief, Defendant used such hardware and software to place the calls described above to Plaintiff's cellular telephone.

11.    Defendant did not place any telephone calls to Plaintiff's cellular telephone for emergency purposes.

12.    Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly, meaning that Defendant consciously and deliberately made the calls referenced herein.

13.    Defendant placed telephone calls to Plaintiff's cellular telephone under its own free will.

14.    Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded

voice to make and/or place telephone calls to Plaintiff's cellular telephone.

15.    Upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above.

16.    In addition, and upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above to Plaintiff.

17.    Upon information and good-faith belief, Defendant maintains business records that will evidence all calls Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice.

## COUNT I

18.    Plaintiff incorporates herein each allegation above as if restated in their entirety.

19.    Defendant, by its actions as described above, violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

c) In the alternative, awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiff actual damages, if any, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

20.   Plaintiff is entitled to and hereby demands a trial by jury.


Dated: 08/26/2018

Respectfully submitted,

/s/ Alex Simanovsky
Alex Simanovsky, Esq.
GA Bar # 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
Phone:  678-781-1012
Fax:  877-570-5413
Email:  alex@a-s-law.com